NORA C. SHOOP et al. v. JOHN T. STEWART et al.

No. 13,067. ( 72 Pac. 219.)

SYLLABUS BY THE COURT.

MORTGAGE — *Guardian and Ward — Estate not Settled.* A ward may, upon attaining his majority, encumber by mortgage his interest in any real estate held in the name of his guardian for his benefit, and such mortgage will be upheld and enforced as a lien on any interest such ward may be found to possess upon a settlement of the estate, as against a subsequent purchaser of the real estate from all the wards with notice of the mortgage.

Error from Sumner district court; W. T. McBRIDE, judge. Opinion filed April 11, 1903. Affirmed.

*O. G. Eckstein,* for plaintiffs in error.

*Ed. T. Hackney,* and *Herrick & Rogers,* for defendants in error.

The opinion of the court was delivered by

POLLOCK, J.: George W. Miller, guardian of Edward L., Clara C., Mabel and Grace Beard, minors, absconded, indebted to his wards in unequal amounts, in the aggregate sum of over $4600. A. Branaman was duly appointed guardian in his stead, and by order of the probate court compromised with Miller's bondsmen, receiving for the benefit of his wards ten shares of national bank stock of the par value of $100 each; eighty acres of land; and also a conveyance of an undivided two-thirds interest in the southwest quarter of section 10, township 35, range 2 west of 6th P. M., in Sumner county. The bank failed, rendering the bank stock worthless. The proceeds of the sale of the eighty-acre tract of land were expended in liquidating the costs and expenses of administering the estate in the probate court. When Edward L.

Beard, the oldest minor, attained his majority he bor-
rowed from defendant in error the sum of $90.60, evi-
dencing the same by his promissory note secured by
a real-estate mortgage on an undivided one-fourth of
the undivided two-thirds of the quarter-section of
land conveyed to his guardian by the bondsmen of
Miller.    Thereafter the guardian settled the estate
of his remaining wards, and conveyed to them by
quitclaim deed all his title in the land held by him.
The wards conveyed by quitclaim deed to one Otto G.
Eckstein, who thereafter received a quitclaim deed
from Edward L. Beard and wife of his interest in the
quarter-section, and Eckstein thereafter, by warranty
deed, conveyed to plaintiff in error, Nora C. Shoop,
the entire quarter-section.

This action was brought by defendant in error
Stewart to foreclose the mortgage given him by Ed-
ward L. Beard.    The case was tried to the court with-
out the intervention of a jury.    Findings of fact and
conclusions of law were made.    The trial court found
the interest of Edward L. Beard in the real estate at
the date of the mortgage given by him to be 16.8 per
cent. of the undivided two-thirds interest and decreed
a foreclosure and sale.    Defendants below, Nora C.
Shoop and Floyd Shoop, bring error.

There is but one question of law arising upon the
record for our determination.    Did the mortgage
given by Edward L. Beard upon an undivided one-
fourth interest in the real estate conveyed to his
guardian for the benefit of the wards in settlement
with the bondsmen of the defaulting guardian, Miller,
attach to, and become a lien on, the interest of Ed-
ward L. Beard therein ?    If so, the judgment is right
and must be affirmed.    If not, it must be reversed.

In this state any beneficial interest in real estate

may be encumbered by a mortgage. The contention made by counsel for plaintiff in error against the validity of the mortgage is that, while the estate of the wards was invested in real property with the legal title in their guardian, the estate must in law be considered personal and not subject to mortgage; also, that the interest of Edward L. Beard was, until settlement and distribution made in the probate court, contingent, and the entire estate subject to the orders of the probate court in the payment of the costs of administering the estate and the support of the wards, and thus liable to be exhausted in the guardian proceedings. It is no doubt true in many cases that real estate held in trust by a guardian for the benefit of his wards will be considered personal property. In this case, however, all parties in interest treated the property as real estate, and the interest of Edward L. Beard in the estate as an interest in real estate and not as personal property.

Again, it is true that the extent of his interest in the property was contingent and undetermined at the time he made the mortgage, and his interest, if the necessities of the case had so demanded, might have been exhausted in the probate court and the lien of the mortgage, thus yielding to the superior right, have been extinguished. But this contingency did not arise. The mortgage made covered the entire one-fourth of the undivided two-thirds interest in the real estate held by the guardian for the benefit of his wards, and, in consequence, this mortgage would cover any less interest Beard might be found to own in the property.

This is not the case of one claiming the property by virtue of any right asserted therein as against the estate in the hands of the guardian, but a subsequent

purchaser taking title to the property with notice of the mortgage.

We think the equities are with the mortgagee, and the judgment of the court equitable and just. It must, therefore, be affirmed.

All the Justices concurring.